**SPOKANE COMMERCIAL TRAVELERS,**
a corporation, Plaintiff,

v.

**Clark SQUIRE, individually and as Collector of Internal Revenue for the District of Washington, Defendant.**

**No. 1549.**

United States District Court
W. D. Washington, S. D.

Aug. 11, 1954.

Frank Funkhouser, Therrett Towles, Spokane, Wash., for plaintiff.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., Thomas R. Winter, Sp. Asst., U. S. Treasury Department, Seattle, Wash., Guy A. B. Dovell, Asst. U. S. Atty., Tacoma, Wash., and Fred S. Gilbert, Jr., Sp. Asst. to the Atty. Gen., for defendant.

BOLDT, District Judge.

Plaintiff seeks to recover income and excess profits taxes for the fiscal years ending in 1945, 1946, 1947 and 1948, which it is alleged were erroneously and

illegally collected by defendant collector contrary to the exemptions allowed under 26 U.S.C. Internal Revenue Code, § 101 (7), (8) and (9). Prior to the fiscal year commencing December 1, 1944 plaintiff was exempted from federal income tax under 26 U.S.C. § 101(10) as a benevolent life insurance association of a purely local character and initially claimed exemption under that section in this action but at the trial withdrew such contention. Claims for refund for each of the fiscal years in question were duly filed with the Collector and Commissioner of Internal Revenue. The Commissioner determined that the extraordinary revenue realized from the operations of plaintiff during each of the fiscal years referred to took plaintiff out of the exempt status contemplated by the statutes referred to. The stipulated facts are:

Plaintiff, a Washington corporation, was organized in 1920, with headquarters and business office at Spokane, Washington. Since its formation and organization, and during the fiscal years in question, plaintiff has been operating under its corporate articles, constitution and by-laws as a fraternal, beneficial and social organization. Regular membership therein has been limited to traveling salesmen or those in allied occupations. Associate membership, limited to 200 members with social privileges only, was authorized by appropriate amendment to the corporate constitution in 1940, and was in effect for the fiscal years in question.

The original constitution made provision for: qualifications, fees and dues for regular members; management of plaintiff's business affairs by a board of trustees; prompt payment of death benefits to beneficiaries named by members in their original application for membership; creation of a benefit or insurance fund from moneys derived from annual dues and assessments for the purpose of paying death benefits; and for creation of a general fund from moneys derived from dues and initiatory fees to be used for paying obligations and debts, with the right in trustees to transfer moneys from the general to the insurance benefit fund and to invest surplus moneys in interest-bearing bonds and securities.

Following enactment of the Washington State Liquor Act in 1933, Laws 1933, Ex.Sess., c. 62, providing for licensing by the State Liquor Control Board of "bona fide" clubs operated "solely for fraternal, benevolent, educational, athletic or social purposes and not for pecuniary gain", and the enactment of a statute in 1937, Laws 1937, c. 119, authorizing ownership and operation of slot machines in such clubs, plaintiff secured licenses for such purposes and renewed same each year for the fiscal years here involved. The club facilities were enlarged for the general social and recreational activities of regular and associate members and a room provided containing a bar and slot machines owned by plaintiff. The operations in such room produced income used for defraying expenses and maintenance of the club and for the general purposes of plaintiff. Separate accounts were kept for club operations and for the other activities of the association. During the fiscal years in question the regular membership increased from 656 to 871 members and the associate membership from 80 to 124 members.

During each of said fiscal years a substantial surplus accrued over and above operating expenses, from which plaintiff made donations to charitable and other worthy causes and investments in interest-bearing bonds which were credited as a reserve in the insurance fund. Taxes for said years were paid from the proceeds of the sale of bonds purchased from net earnings of club activities and previously placed in the insurance fund. No other bonds have been cashed. No checks were drawn on funds derived from dues, fees and assessments during the fiscal years in question except for death benefits and the purchase of interest-bearing government bonds. The insurance fund surplus on December 1, 1940 amounted to about $6,000 and annually thereafter was augmented by additions

until on November 30, 1947 such surplus amounted to $188,295.60.

■ The stipulated facts will not warrant the exemption claimed by plaintiff under either subsection (7) or (8) inasmuch as plaintiff corporation and its activities during the tax years in question clearly do not come within the express terms of the subsections referred to. Subsection (9) presents a somewhat closer question in that plaintiff was organized as a non-profit corporation under Washington law and operated as a club for pleasure and recreation purposes. Subsection (9), however, expressly provides that for exemption (a) the club must be operated *exclusively* for pleasure, recreation and non-profitable purposes and (b) that no part of the net earnings of the club inure to the benefit of any private shareholder. During the tax years in question plaintiff's activities in a very substantial and important respect were conducted for profit and in fact yielded very large profits, a substantial portion of which directly and indirectly will inure to the benefit of the members of plaintiff club. Under these circumstances plaintiff has not sustained the burden of establishing its right to exemption under subsection (9).

Citation and discussion of the considerable number of cases referred to the Court's attention would serve no useful purpose. Suffice it to say that in the decisions wherein exemption was allowed, the profitable activities of the exempt organization were merely incidental to its primary non-profit purposes. Such was not the fact with respect to plaintiff's activities during the particular tax years in question. None of the cited authorities sustains a right of exemption under such circumstances.

The decision herein will have no bearing on plaintiff's exemption status for periods other than those involved in this action.

Findings, conclusion and judgment in accordance herewith may be presented.